UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOUGLAS GAROFALO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:19cv1587 (KAD) |
| | : | |
| DETECTIVE/SERGEANT THOMAS | : | |
| SHEEHAN, et al. | : | |
| et al., | : | |
|     Defendants. | : | |

**INITIAL REVIEW ORDER**

On October 9, 2019, the *pro se* plaintiff,[1] who is incarcerated at Brooklyn Correctional Institution, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Senior Assistant State's Attorney ("SASA") Christopher Parakilas; and two officers with the Simsbury Police Department, Detective/Sergeant Thomas Sheehan and Detective Scott Sagan. Compl. [ECF No. 1]. He seeks damages in connection with an allegedly improper forfeiture of his 2001 Range Rover and loss of his other personal property. For the following reasons, the Fourteenth Amendment procedural due process claims shall proceed against Detective/Sergeant Sheehan and Detective Scott Sagan. All other claims are dismissed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil

---

[1]Plaintiff filed the filing fee on December 16, 2019.

1

Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**ALLEGATIONS**

On October 5, 2015, defendants Detective/Sergeant Sheehan and Detective Sagan came to Plaintiff's residence to question him about a sexual offense.[2] ECF No. 1 at ¶ 1. He refused to answer questions without an attorney. *Id.* Later that same day, they returned to his residence to seize his 2001 Range Rover. *Id.* at ¶ 2. They did not present a warrant. *Id.* However, after he saw a flatbed pulling into his neighborhood, Plaintiff handed his keys to Detective/Sergeant Sheehan so that the situation did not become worse. *Id.* Thereafter, Detective/Sergeant Sheehan told Plaintiff and his neighbors that Plaintiff was a rapist, especially a child rapist. *Id.* On October 7,

---

[2]Plaintiff alleges a date of October 5, 2016, but the Court construes the date as October 5, 2015, in light of his arrest for the sexual offense on October 7, 2015. *See Id.* at ¶ 3.

2

2015, Plaintiff was arrested at his residence by Detective/Sergeant Sheehan and Detective Sagan. *Id.* at ¶ 3.

On November 12, 2015, Plaintiff was transported from Hartford Correctional Center ("HCC") to the courthouse in Enfield where he was served with an additional warrant charging him with a sex offense. *Id.* at 4. Officer Sagan commented that he was personally going to see that Plaintiff's seized vehicle was sold. *Id.* After Officer Sagan finished booking Plaintiff, he said—in a voice loud enough for almost a dozen other inmates to hear—he would see Plaintiff again with more child rape charges. *Id.* Plaintiff felt embarrassed and his safety was compromised. *Id.* Plaintiff's attorney was also furious about Detective Sagan's comments, and he assured Plaintiff that he would get his car returned when his case was resolved. *Id.*

Plaintiff was placed in a single holding cell in the courthouse for his safety, and he was later transported to the HCC in a private transport van for his safety. *Id.* He was also ushered by correctional officers to HCC's "protective custody" wing against his wishes. *Id.*

On November 3, 2017, Plaintiff was sentenced in Hartford Superior Court. *Id.* at ¶ 5. After his attorney reminded the judge about Plaintiff's seized vehicle, the judge indicated that Plaintiff should be able to get the vehicle back. *Id.*

On December 13, 2017, Plaintiff's attorney contacted the Simsbury Police Department to arrange for a family member to retrieve the vehicle. *Id.* at ¶ 6. However, unbeknownst to the Plaintiff, the vehicle had been sold after it was awarded to the Simsbury Police Department by way of a default judgment in an *in rem* forfeiture proceeding. *Id.* at ¶ 6.

In a letter dated December 8, 2015, the Asset Forfeiture Bureau notified SASA Parakilas that it would be "filing a General Statutes § 54-33g *in rem*" regarding Plaintiff's seized vehicle.

*Id.* at ¶ 7, ex. A. This information was not shared with Plaintiff or his attorney. *Id.* at ¶ 7. Plaintiff maintains that Parikilas conspired with the Simsbury Police Department to deprive him of his right to due process regarding the vehicle. *Id.*

On February 18, 2016, a legal notice was posted in The Hartford Courant stating:

> The Superior Court has found that the persons listed below own property seized in connection with a drug offense. Pursuant to General Statutes Sec. 54-36h or 54-33g, the State of Connecticut has petitioned for forfeiture of the property. The State hereby gives notice that unless the owners appear to contest the forfeiture, the state will move the Court to enter a default and judgment, resulting in forfeiture of the property.

*Id* at ex. B. The notice provided that a hearing would be held on the State's Petition on March 11, 2016, at 10:00 a.m., at the superior court in Enfield. *Id.*

With respect to the forfeiture of money or property tied to the commission of criminal offenses, Connecticut General Statutes ("C.G.S.") § 54-33g(a) provides:

> The court shall identify the owner of such property and any other person as appears to have an interest in such property, and order the state to give notice to such owner and any interested person by certified or registered mail. The court shall promptly, but not less than two weeks after such notice, hold a hearing on the petition.

*Id.* at ¶ 8. Plaintiff never received or signed for any certified or registered mail. *Id.* And Plaintiff further alleges that throughout this time, the Defendants were aware that he was in custody and represented by counsel such that actual notice of the forfeiture could easily have been accomplished.

On March 11, 2016, the court entered a default judgment with respect to the vehicle and awarded it to the Simsbury Police Department. *Id.* at ¶ 9. Plaintiff notes that the same judge handling the forfeiture hearing also signed his October 7, 2015 arrest warrant. *Id.*

In a memo dated May 20, 2016 from Detective/Sergeant Sheehan to Captain Bolter, Detective/Sergeant Sheehan represents that the Simsbury Police Department requested asset

4

forfeiture proceedings after Plaintiff's vehicle had been seized under a valid warrant; the vehicle was awarded to the Simsbury Police Department at the conclusion of asset forfeiture proceedings on March 11, 2016; and on May 20, 2016, Detective/Sergeant Sheehan proceeded to obtain a new title for the vehicle. *Id.* at ex. G-3. On November 23, 2016, Plaintiff's vehicle was sold to Auto-Bon Inc. *Id.* at ¶ 10. Plaintiff also lost property that had not been properly inventoried. *Id.* at ¶ 11.

**DISCUSSION**

Plaintiff alleges that he did not receive proper notice of the forfeiture and hearing as provided under C.G.S. § 54-33g. *See State v. Redmond*, 177 Conn. App. 129, 139 (2017) ("Proceeding under § 54–33g would have required notice of the proposed forfeiture and a hearing prior to the court's forfeiture order."). These allegations implicate the procedural due process clause of the Fourteenth Amendment.

A procedural due process claim has two elements: (1) the existence of a protected property or liberty interest, and (2) "deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). Generally, under the Due Process Clause "individuals must receive notice and opportunity to be heard before the Government deprives them of property." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). To determine whether a constitutional violation has occurred, the court must consider the process provided by the State and determine whether that process was constitutionally adequate. *See Zinnermon v. Burch,* 494 U.S. 113, 126, (1990).

### Detective/Sergeant Sheehan and Detective Sagan[3]

---

[3]Plaintiff has not specified whether he sues defendants in their individual or official capacities. The Court construes Plaintiff's complaint, which asserts that defendants took his actions personally and retaliated against him by having

As indicated, the Court construes Plaintiff's complaint as alleging that these defendants deprived him of procedural due process when they failed to comply with the requirements of C.G.S. § 54-33g. Generally, the procedural safeguards of notice and a forfeiture hearing enumerated in § C.G.S. 54-33g satisfy the requirements of the due process clause. *See Torres v. Town of Bristol*, No. 3:13-CV-1335 (SRU), 2015 WL 1442722, at *9 (D. Conn. Mar. 27, 2015) (finding notice and asset forfeiture hearing under Connecticut General Statutes § 54-36 and the right to appeal sufficient to satisfy due process). Here, the Plaintiff alleges that the Defendants did not adhere to the statute's requirements. He alleges that he received no notice of the forfeiture proceeding and that he did not therefore have any opportunity to be heard prior to the forfeiture and sale of his vehicle. Plaintiff has plausibly alleged a Fourteenth Amendment procedural due process claim against Detective/Sergeant Sheehan and Detective Sagan.

**SASA Parakilas**

A plaintiff seeking relief under § 1983 must allege facts showing the defendants' personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013). Although Plaintiff has alleged that Parakilas had notice that an *in rem* action would be filed regarding Plaintiff's seized property, he has not alleged any facts to suggest that Parakilas was personally involved in the forfeiture action. Plaintiff makes a conclusory assertion that Parakilas conspired with the Simsbury Police Department to deprive him of his due process relevant to his vehicle. Compl. at ¶ 8. However, Plaintiff has provided no factual allegations to support this assertion.

---

his vehicle subjected to asset forfeiture, as alleging claims against Detective/Sergeant Sheehan and Detective Sagan in their individual capacities.

And even if Parakilas had a role in the forfeiture action, he is entitled to absolute prosecutorial immunity. Prosecutors receive absolute immunity from suit under § 1983 when they engage in "advocacy conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler,* 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (noting that prosecutorial immunity from § 1983 liability is broadly defined, and covers 'virtually all acts," associated with prosecutor's function as an advocate). Accordingly, a prosecutor is absolutely immune from § 1983 liability arising out of his or her role in an asset forfeiture hearing under Connecticut General Statute § 54-33g. *See, Raffone v. Messina*, No. 3:16-CV-1550 (RNC), 2017 WL 4368616, at *2 (D. Conn. Sept. 30, 2017). All claims against Parakilas are dismissed.

**Fourteenth Amendment – Deliberate Indifference to Safety**

Assuming without finding that Plaintiff is also asserting a § 1983 claim based on Detective Sagan's conduct on November 12, 2015 during which he allegedly announced to other inmates that Plaintiff was a child rapist thereby putting Plaintiff's safety at risk, such a claim is time-barred.

The statute of limitations for tort claims set forth in Connecticut General Statutes § 52-577 applies to claims brought pursuant to section 1983. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 establishes a three-year limitations period for such claims running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. Although federal courts look to state law to determine the applicable statute of limitations for claims arising under § 1983, the court looks to federal law to determine when a federal claim

7

accrues. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) ("In a federal question case ... when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues.") (citations omitted). A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

Because the plaintiff did not file this complaint until October 9, 2019, he cannot bring claims under 42 U.S.C. § 1983 for conduct that occurred prior to October 9, 2016. The allegations of Detective Sagan's conduct that allegedly put Plaintiff's safety at risk occurred on November 12, 2015, and Plaintiff's allegations demonstrate that he was clearly aware of the alleged harm to his safety on that date. Thus, any § 1983 claim based on conduct occurring on November 12, 2015 is barred by the three-year statute of limitations and is dismissed.

**ORDER**

The Court enters the following orders:

(1) The case shall proceed against Detective/Sergeant Sheehan and Detective Sagan in their individual capacities on Plaintiff's Fourteenth Amendment procedural due process claim concerning loss of his vehicle and personal property.

The Fourteenth Amendment claim against SASA Christopher Parakilas is DISMISSED. To the extent Plaintiff asserts a § 1983 claim based on Detective Sagan's conduct on November 12, 2015, it is DISMISSED.

(2) The clerk shall mail a waiver of service of process request packet containing the

plaintiff's complaint and this Initial Review Order to Detective/Sergeant Sheehan and Detective Sagan at Simsbury Police Department, 933 Hopmeadow Street, Simsbury, CT 06070 on or before **February 21, 2020**, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If a defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed on or before **July 31, 2020**. Discovery requests need not be filed with the Court.

(5) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(6) All motions for summary judgment shall be filed on or before **August 31, 2020**.

(7) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local

Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(9) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

**SO ORDERED** this 31st day of January 2020, at Bridgeport, Connecticut.

\_\_\_/s/_____
Kari A. Dooley
United States District Judge